UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------X
DELTA HILL (DETA),                                              :
                                                                :
                        Plaintiff,                              :
            v.                                                  :
                                                                :   Civil Action No.: 1:22-cv-01397
STEPHEN KNOTT, WILLIAM ASHE, and ILA,                           :
                                                                :
                        Defendants.                             :
                                                                :
------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
INTERNATIONAL LONGSHOREMEN'S ASSOCIATION'S
MOTION TO DISMISS UNDER RULE 12 (b)(6),
OR, IN THE ALTERNATIVE,
FOR A MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e);
AND ALSO IN SUPPORT OF STEPHEN KNOTT'S
MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

MAZZOLA MARDON, P.C.                        O'DONOGHUE & O'DONOGHUE, LLP
26 Broadway, 17th Floor                     91 Christiana Road
New York, NY 10004                          New Castle, DE 19720
(212) 425-3240                              (215) 629-4970
ngraziano@mmmpc.com                         lgeren@odonoghuelaw.com

*Attorneys for Defendants International*    *Local Counsel for Defendants International*
*Longshoremen's Association*                *Longshoremen's Association*
*and Stephen Knott*                         *and Stephen Knott*
*Pro Hac Vice Pending*

## TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................................. 1

BACKGROUND .............................................................................................................................. 2

SUMMARY OF ARGUMENT ......................................................................................................... 2

STANDARD OF REVIEW ............................................................................................................... 3

ARGUMENT .................................................................................................................................... 3

   I.  EVEN IF THE COMPLAINT IS RESTATED,
      DEFENDANT KNOTT CANNOT BE INDIVIDUALLY LIABLE ..................................... 3

   II.  THE CLAIMS AGAINST THE ILA MUST BE DISMISSED, OR,
       IN THE ALTERNATIVE THE ILA IS ENTITLED
       TO A MORE DEFINITE STATEMENT
       OF THE ALLEGATIONS WITHIN THE COMPLAINT ...................................................... 6

CONCLUSION .................................................................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**                                                                                                  **Page(s)**

*Air Line Pilots Ass'n Int'l v. O'Neill*, 499 U.S. 65 (1991) .............................................................. 4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................................... 3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......................................................................... 3

*Calvo v. Avers*, Civ. No. 16-02783 (KM) (MAH), 2017 WL 385037
   (D.N.J. Jan. 26, 2017) ................................................................................................................ 4

*Cantrell v. Igie*, No. 16-cv-00903 (JGK), 2016 WL 7168220
   (S.D.N.Y. Dec. 8, 2016) ............................................................................................................. 5

*DiGenova v. UNITE HERE Local 274*, 849 F. App'x 331 (3d Cir. 2021) ..................................... 6

*Dillard v. SEIU Local 32BJ*, No. 15 CIV. 4132 CM, 2015 WL 6913944
   (S.D.N.Y. Nov. 6, 2015) ............................................................................................................. 4

*Evangelista v. Inlandboatmen's Union*, 777 F.2d 1390 (9th Cir. 1985) ........................................ 4

*Fowlkes v. Ironworkers Local 40*, 790 F.3d 378 (2d Cir. 2015) .................................................... 4

*Franklin v. Nat'l Mar. Union*, No. Cir. A. 91-480, 1991 WL 131182
   (D.N.J. July 16, 1991) ................................................................................................................ 5

*Gross v. Weinstein, Weinburg & Fox, LLC*, 123 F. Supp. 3d 575 (D. Del. 2015) ......................... 6

*Hall v. Pac. Mar. Ass'n*, 281 F. Supp. 54 (N.D. Cal. 1968) ........................................................... 4

*Holmes v. Colonial Sch. Dist.*, No. 09-795-GMS, 2010 WL 4918721
   (D. Del. Nov. 24, 2010) ......................................................................................................... 6, 7

*Jackson v. A.P. Orleans Vocat'l Ctr.*, No. 87- 7160, 1988 WL 68734
   (E.D. Pa. June 27, 1988) ............................................................................................................ 7

*LaFauci v. St. John's Riverside Hosp.*, 381 F. Supp. 2d 329 (S.D.N.Y. 2005) .............................. 5

*Montplaisir v. Leighton,* 875 F.2d 1 (1st Cir. 1989) ....................................................................... 4

*Morris v. Local 819, Int'l Bhd. of Teamsters*, 169 F.3d 782 (2d Cir. 1999) .................................. 4

*Ramsey v. Signal Delivery Serv., Inc.,* 631 F.2d 1210 (5th Cir. 1980) .......................................... 4

*Republic Steel Corp. v. United Mine Workers*, 570 F.2d 467 (3d Cir.1978) ................................. 5

*Romero v. Local Union 272*, No. 1:15-cv-7583-GHW, 2016 WL 5376210
    (S.D.N.Y. Sep. 23, 2016) ............................................................................................................ 5

*Shahin v. Del. Dep't of Fin.*, No. 10-188-GMS, 2011 WL 2470582
    (D. Del. June 21, 2011) ............................................................................................................... 3

*Thomas v. Indep. Twp.*, 463 F.3d 285 (3d Cir. 2006) .................................................................... 6

*Vaca v. Sipes*, 386 U.S. 171 (1967) ............................................................................................... 4

*Wilkes–Barre Pub. Co. v. Newspaper Guild of Wilkes–Barre, Local 120*,
    647 F.2d 372 (3d Cir. 1981) ........................................................................................................ 5

*Wright v. O'Hara*, No. CIV.A. 00–1557, 2002 WL 1870479
    (E.D. Pa. Aug. 14, 2002) ............................................................................................................. 3

**Statutes**

29 U.S.C. § 159(a) .......................................................................................................................... 4
29 U.S.C. § 185 .......................................................................................................................... 2, 3
29 U.S.C. § 185(b) ......................................................................................................................... 5

**Rules**

Fed. R. Civ. P. 8(a) ................................................................................................................ 2, 6, 7
Fed. R. Civ. P. 8(a)(2) .................................................................................................................... 1
Fed. R. Civ. P. 8(a)(3) ................................................................................................................ 1, 8
Fed. R. Civ. P. 12(e) ........................................................................................................... 1, 3, 6, 7
Fed. R. Civ. P. 12(b)(6) .............................................................................................................. 1, 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------X
DELTA HILL (DETA),                                :
                                                  :
                Plaintiff,           :
       v.                                         :
                                                  :   Civil Action No.: 1:22-cv-01397
STEPHEN KNOTT, WILLIAM ASHE, and ILA,              :
                                                  :
                Defendants.          :
                                                  :
---------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
INTERNATIONAL LONGSHOREMEN'S ASSOCIATION'S
MOTION TO DISMISS UNDER RULE 12 (b)(6),
OR, IN THE ALTERNATIVE,
FOR A MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e);
AND ALSO IN SUPOORT OF STEPHEN KNOTT'S
MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

**INTRODUCTION**

Defendant International Longshoremen's' Association (ILA) now moves to dismiss Plaintiff Delta Hill's *pro se* complaint pursuant to Rule 12(b)(6) because the complaint does not comply with Rule 8(a)(2) or (3), and therefore does not state a claim upon which relief can be granted. In the alternative, the ILA seeks an order pursuant to Rule 12(e) requiring Plaintiff to make a more definite statement.

Separately, Defendant Stephen Knott moves pursuant to Rule 12(b)(6) for an order to dismiss the complaint against him with prejudice, on the grounds that he cannot be held individually liable as a matter of law.

1003-594
129154

Hill commenced this action *pro se* in the State of Delaware, Superior Court of New Castle County on September 16, 2022. The Defendants then timely removed to this Court on October 24, 2022.

## BACKGROUND

Plaintiff alleges that she was a member of ILA Local 1694-1 which was merged into another ILA local. Plaintiff alleges that the ILA Constitution required a meeting before the merger, but no such meeting was ever held. In this regard, Plaintiff appears to be trying to bring a claim for breach of the ILA Constitution under Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185.

In addition, Plaintiff further alleges that her bargaining unit "was given a contract" to which she and others objected, but allegedly when they raised this objection in writing to ILA Secretary Treasurer Stephen Knott she received no response. These allegations appear to be an attempt to state a duty of fair representation (DFR) claim.

## SUMMARY OF ARGUMENT

The Complaint consists of 48 pages of various correspondence, handwritten notes, exhibits and excerpts of purported exhibits.[1] This memorandum will establish the following. First, individual union officers—whether sued in their "personal" or "official" capacities—cannot be held liable for any alleged breach of a union constitution or alleged breach of the DFR. Second, Plaintiff's Complaint violates Rules 8(a) by failing to disclose the facts underlying the claims for relief, failing to disclose what claims the Complaint seeks to allege, and failing to state what remedy the Complaint seeks, requiring dismissal of the Complaint for failure to state a claim.

---

[1] Because Hill has not numbered the pages in her Complaint, the ILA will refer to pages in the Complaint by their Page ID# in the electronic filing system.

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept a complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs must then instead allege facts that "nudge [their] claims across the line from conceivable to plausible[.]" *Twombly*, 550 U.S. at 569.

Also, Federal Rule of Civil Procedure Rule 12(e) provides as follows:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e). Courts will grant 12(e) motions where the complaint does not afford defendants adequate notice of the claims against them or the ability to form a responsive pleading. *See Wright v. O'Hara*, No. CIV.A. 00–1557, 2002 WL 1870479, at *2-3 (E.D. Pa. Aug. 14, 2002). Rule 12(e) has likewise been interpreted to apply where the pleading is unintelligible or the issues cannot be determined. *Shahin v. Del. Dep't of Fin.*, No. 10-188-GMS, 2011 WL 2470582, at *3 (D. Del. June 21, 2011) (citing cases).

## ARGUMENT

### I.

### EVEN IF THE COMPLAINT IS RESTATED, DEFENDANT KNOTT CANNOT BE INDIVIDUALLY LIABLE

The Complaint seems to allege a claim under § 301 of the LMRA that the ILA violated its own constitution when certain local unions were merged. The complaint further appears to allege

a violation of the duty of fair representation (DFR) when the local collective bargaining agreement was negotiated. ECF 1-1, #31, #33-34. The complaint does not make clear who was responsible for negotiating the contract, but it states that the ratification vote took place at a local union meeting. *Id*. Specifically, the complaint makes no allegations linking the ILA with local negotiations taking place in the port of Delaware. The complaint does allege that, after the contract was negotiated, various members wrote an appeal to the ILA, including to Stephen Knott, but received no response. ECF 1-1, #11.

The duty of fair representation is derived from the statutory grant in 29 U.S.C. § 159(a) of the exclusive power to represent all employees in the collective bargaining unit. *See Vaca v. Sipes*, 386 U.S. 171 (1967). "Under federal common law, unions owe their members a duty of fair representation ('DFR'), which derives 'from the union's statutory role as exclusive bargaining agent.'" *Dillard v. SEIU Local 32BJ*, No. 15 CIV. 4132 CM, 2015 WL 6913944, at *4 (S.D.N.Y. Nov. 6, 2015) (quoting *Air Line Pilots Ass'n Int'l v. O'Neill*, 499 U.S. 65, 74 (1991)).

However, "[a]n official of a union in his individual capacity has no such power, [and] it follows that there [is] no such correlative duty [of fair representation]." *Hall v. Pac. Mar. Ass'n*, 281 F. Supp. 54, 61 (N.D. Cal. 1968) (citing *Humphrey v. Moore*, 375 U.S. 335, 342 (1964)).

Numerous federal courts have held that individual union officers are immune from DFR claims. *See, e.g., Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 388 n.10 (2d Cir. 2015); *Morris v. Local 819, Int'l Bhd. of Teamsters,* 169 F.3d 782, 784 (2d Cir. 1999); *Montplaisir v. Leighton,* 875 F.2d 1, 4 (1st Cir. 1989); *see also Evangelista v. Inlandboatmen's Union,* 777 F.2d 1390, 1400 (9th Cir. 1985); *Ramsey v. Signal Delivery Serv., Inc.*, 631 F.2d 1210, 1212 (5th Cir. 1980); *Calvo v. Avers*, Civ. No. 16-02783 (KM) (MAH), 2017 WL 385037, at *4 (D.N.J. Jan. 26, 2017) (union officials held immune from DFR claim); *Cantrell v. Igie*, No. 16-cv-00903 (JGK), 2016 WL

7168220, at *4-5 (S.D.N.Y. Dec. 8, 2016) ("[P]laintiff's claim for breach of the duty of fair representation is properly directed at the Union, not any of its representatives. Accordingly, the claims against the Individual Union Defendants are dismissed."); *Romero v. Local Union 272*, No. 1:15-cv-7583-GHW, 2016 WL 5376210, at *10-11 (S.D.N.Y. Sep. 23, 2016) (breach of DFR cannot be alleged against union official); *LaFauci v. St. John's Riverside Hosp.*, 381 F. Supp. 2d 329, 334 (S.D.N.Y. 2005) (same); *Franklin v. Nat'l Mar. Union*, No. Cir. A. 91-480, 1991 WL 131182, at *4 (D.N.J. July 16, 1991) ( "the language of § 301(b) and the Supreme Court's decision in *Atkinson*. . . provide[s] a shield for individual union. . . officials" in DFR suits and is in line with the other Circuit Courts which have considered the issue "with monotonous regularity. . ."). Thus, Hill cannot hold Knott individually liable for any violation of the DFR.

Likewise, with respect to the alleged breach of the ILA Constitution, the complaint does not even specifically allege that Knott was involved in the alleged breach. Regardless, the Third Circuit has held that individual union officers are also immune from Section 301 claims. *E.g.*, *Wilkes–Barre Pub. Co. v. Newspaper Guild of Wilkes–Barre, Local 120,* 647 F.2d 372, 377 (3d Cir. 1981) (Section 301 of the LMRA "immunizes the individual [union] defendants from liability for money damages."); *Republic Steel Corp. v. United Mine Workers,* 570 F.2d 467, 478 (3d Cir.1978) (same).

To the extent Hill's Complaint alleges a violation of the DFR, or a violation of the ILA Constitution against the ILA, it cannot allege one against Knott individually. Moreover, even a more definite statement on either claim cannot state a claim against Knott individually, so even if Plaintiff is allowed to replead her claims against the ILA, Knott must be dismissed with prejudice.

## II.

### THE CLAIMS AGAINST THE ILA MUST BE DISMISSED, OR, IN THE ALTERNATIVE, THE ILA IS ENTITLED TO A MORE DEFINITE STATEMENT OF THE ALLEGATIONS WITHIN THE COMPLAINT

Federal Rule of Civil Procedure 8(a) requires that a complaint contain a "short, plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When a complaint fails to allege specific acts or omissions on the part of the defendant, courts will often dismiss the claim, or at least grant a defendant's motion under Rule 12(e). *Thomas v. Indep. Twp.*, 463 F.3d 285, 301 (3d Cir. 2006) (motion for a more definite statement granted and is appropriate "[w]hen a complaint . . . does not disclose the facts underlying a plaintiff's claim for relief, [because] the defendant cannot reasonably be expected to frame a proper, fact-specific . . . defense."); *see also Holmes v. Colonial Sch. Dist.*, No. 09-795-GMS, 2010 WL 4918721 at *1 (D. Del. Nov. 24, 2010) (granting motion for a more definite statement where *pro se* plaintiff "fail[ed] to comply with the pleading requirements of Rule 8" by "fail[ing] to identify factual allegations in support of a claim [and] the relief being requested. . . ."); *Gross v. Weinstein, Weinburg & Fox, LLC*, 123 F. Supp. 3d 575 (D. Del. 2015), (12(e) motion granted where party failed to meet the pleading requirements of Rule 8).

A motion for a more definite statement is "the best procedural tool available to the defendant to obtain the factual basis underlying a plaintiff's claim for relief." *Thomas*, 463 F.3d at 301. This concept applies to *pro se* complaints brought by union members against their unions. *DiGenova v. UNITE HERE Local 274*, 849 F. App'x 331, 334 (3d Cir. 2021) (affirming District of New Jersey's order directing *pro se* union member to plead with additional specificity allegation that union violated its collective bargaining agreement); *Jackson v. A.P. Orleans Vocat'l Ctr.*, No.

87- 7160, 1988 WL 68734, at *2 (E.D. Pa. June 27, 1988) (granting union defendant's motion under Rule 12(e) where it was not clear as to whether the plaintiff was alleging a violation of Title VII, the Labor Management Relations Act, or both.). The decision whether to grant or deny a defendant's motion for a more definite statement rests within the sound discretion of the court. *Holmes*, 2010 WL 4918721 at *1.

The Complaint in this case consists of 48 pages containing various letters and correspondence from other matters, handwritten notes, unidentified documents, and incomplete exhibits purporting to support the Complaints' allegations. The Complaint contains no counts against any defendant. Fed. R. Civ. P. 8(a). While Hill may be attempting to allege a violation of the duty of fair representation by Defendant Ashe, *see* ECF 1-1, # 33-34, it is not clear what the facts underlying this allegation are or where those factual allegations appear within the Complaint or the various partial exhibits annexed to the Complaint.

There are no specific references to any action by Defendant ILA, Defendant Knott, or any other ILA officials on the handwritten letters or typewritten pages of the Complaint. Indeed, the Complaint is wholly unclear as to what causes of action Hill has alleged against Knott or the ILA as the Complaint alleges no Counts identified as to any Defendant.

There are also contradictory allegations throughout the Complaint. The Complaint alleges at one point that Hill has been without a contract in her local port since 2018, ECF 1-1, # 17, but then alleges that a contract was agreed to later on that same page and later on in the document. *Id.*, ECF 1-1 #33-34. It is likewise unclear whether Hill is contesting the merger of her local union with the other local ILA-affiliated unions throughout the Port of Wilmington or contesting the collective bargaining agreement that would cover the terms of working conditions for the bargaining unit represented by those local unions, or both.

Further, Hill only attaches cover pages or excerpts of exhibits which purportedly support the Complaint's allegations, making it impossible to determine how those exhibits support Hill's allegations. *See* ECF 1-1, # 19-31. It appears further that many of the purported exhibits have been omitted from the Complaint completely and that certain exhibits are inserted into the middle of others. #19-31, 38-51. Finally, it is impossible to ascertain what relief Hill seeks from the Defendants because the Complaint lacks any prayer for relief whatsoever. Fed. R. Civ. P. 8(a)(3).

## CONCLUSION

Because the Complaint violates Rule 8(a), the Complaint is so vague and ambiguous that Defendant ILA cannot reasonably prepare its defenses. For these reasons, Defendant ILA requests that this Court dismiss the complaint for its violations of Rule 8(a), or, in the alternative, grant the ILA's motion for a more definite statement.

Dated:   New York, New York
         November 1, 2022

Respectfully submitted,

| MAZZOLA MARDON, P.C. | O'DONOGHUE & O'DONOGHUE, LLP |
|---|---|
| /s/ Nicholas M. Graziano | /s/ Lance Geren |
| John P. Sheridan | Lance Geren |
| Nicholas M. Graziano | 91 Christiana Road |
| 26 Broadway, 17th Floor | New Castle, DE 19720 |
| New York, NY 10004 | (215) 629-4970 |
| (212) 425-3240 | lgeren@odonoghuelaw.com |
| ngraziano@mmmpc.com | |
| | *Local Counsel for Defendants International Longshoremen's Association and Stephen Knott* |
| *Attorneys for Defendants International Longshoremen's Association and Stephen Knott Pro Hac Vice Pending* | |

1003-594
129154

8

**CERTIFICATE OF SERVICE**

    I, Lance Geren, certify that on November 1, 2022, the foregoing document was filed electronically with the Clerk of the Court and served by first-class mail upon Plaintiff "Delta Hill (Deta)" and Delaware District Court.

                                                                                       /s/ Lance Geren_____
                                                                                       Lance Geren