## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELTA HILL (DETA), | : |
| Plaintiff, | : |
| v. | : Civil Action No. 22-1397 (RGA) |
| STEPHEN KNOTT, WILLIAM ASHE, AND ILA, | : |
| Defendants. | : |

## BRIEF OF DEFENDANT WILLIAM ASHE
## IN SUPPORT OF HIS MOTION TO DISMISS

O'DONOGHUE & O'DONOGHUE, LLP
BY: LANCE GEREN
91 Christiana Road
New Castle, DE 19720
T: (215) 629-4970
F: (215) 629-4996
E: lgeren@odonoghuelaw.com

*Attorneys for Defendant William Ashe*

Dated: November 4, 2022

**TABLE OF CONTENTS**

I.     INTRODUCTION…………………………………………………………...………………1

II.    STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS………..………..1

III.   SUMMARY OF ARGUMENT……………………………………..……………………1

IV.    STATEMENT OF FACTS…………………………………………………………………1

V.     ARGUMENT……………………………….……………………………………………..2

      A.     Standard of Review……………………………………………………….………….2

      B.     Ashe is Not Properly Names as a Party……………………………….…………..3

IV.    CONCLUSION…………………………………..………………………………..4

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)……………………………………………..……..2

*Atkinson v. Sinclair Refining Co.*, 370 U.S. 238 (1962)……………………………….………….3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)……………………………………...………….2

*Carino v. Stefan*, 376 F.3d 156 (3rd Cir. 2004)………………………………...…………………3

*Complete Auto Transit, Inc. v. Reis*, 451 U.S. 401 (1981)……………………….……………..3

*Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009)……………………………………....2

*Franklin v. National Maritime Union of America,* 1991 WL 131182 (D. NJ. July 161, 1991).….3

*Phillips v. Cnty. of Allegheny*, 515 F.3d 224 (3d Cir. 2008)……………………………………2

*Veggian v. Camden Bd. of Educ.,* 600 F.Supp.2d 615 (D. NJ. 2009)……………………..…….3

**STATUTES**

29 U.S.C. § 185……………………………………..……………………………………..1, 3, 4

**I.      INTRODUCTION**

This opening brief is filed on behalf of Defendant William Ashe, herein referred to as "Ashe," pursuant to Federal Rule of Civil Procedure 12(b)(6). Ashe, who is the President of International Longshoremen's Association Local 1694 and a Vice President of the International Longshoremen's Association, moves to the dismiss the complaint in this matter as it applies to him because individual officers bear no individual liability in claims under the Labor-Management Relations Act, herein referred to as the "LMRA."

**II.     STATEMENT OF THE NATURE AND STAGE OF PROCEEDING**

On or around September 22, 2022, Plaintiff Delta Hill filed in state court a hand-written complaint with a series of unexplained exhibits objecting to the ILA's decision to dissolve a merger and to establish a newly formed local union. On October 25, 2022, Defendants filed a notice of removal because the claims alleged in the complaint arise under the LMRA.

**III.    SUMMARY OF ARGUMENT**

Defendant Ashe, as the President of Local 1694, and as a Vice President of the ILA, is not subject to liability under Section 301, and, as such, must be dismissed as a Defendant.

**IV.     STATEMENT OF FACTS**

On March 11, 2021, the ILA merged Local 1694-1 into Local 1694, Local 1883, and Local 1884 because it was determined to be in the best interests of all ILA members in the Port of Wilmington. (Complaint, Exhibit, p. 1). Article XII, Section 4 of the ILA Constitution provides the ILA Executive Officers with the authority to merge two or more locals on such terms and conditions as they deem necessary. (Complaint, Exhibit, p. 1). The Executive Officers have the corresponding authority to dissolve a merger if this action is deemed to be in the best interest of the ILA and its members. (Complaint, Exhibit, p. 1). Based on this authority, the ILA Executive

Officers voted to dissolve the merger and create a new local union in the Port of Wilmington effective September 12, 2022. (Complaint, Exhibit, p. 1). Plaintiff became a member of the newly formed Local 2076. (Complaint, Exhibit, p. 1).

## V.  ARGUMENT

### A.  Standard of Review

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss an action for failure to state a claim upon which relief can be granted. When considering a motion to dismiss under this Rule, "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). In other words, a complaint survives a motion to dismiss only if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Courts utilize a two-prong analysis in reviewing motions to dismiss pursuant to Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 679-80 (2009); *Fowler*, 578 F.3d at 210–11. First, the court must separate factual allegations from legal conclusions. *Iqbal*, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Second, the court must determine whether the factual allegations are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 679. Determining plausibility is a "context-specific task" that requires the court to "draw on its judicial experience and common sense." *Id.* A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. *See id.*

### B.     Ashe is Not Properly Named as a Party

In an action arising under Section 301 of the LMRA, "the law is clear that individual union officers are not personally liable to third parties for actions taken on behalf of the union in the collective bargaining process." *Carino v. Stefan*, 376 F.3d 156, 159-60 (3rd Cir. 2004) ("Our court has recognized that Atkinson provides individual union members and officers immunity from suit for union wrongs."); *see Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 248 (1962) (explaining that "when Congress passed Section 301, it declared its view that only the union was to be made to respond for union wrongs, and that the union members were not to be subject to levy," and holding that union agents could not be personally liable for damages resulting from a strike in violation of a no-strike clause); *Complete Auto Transit, Inc. v. Reis*, 451 U.S. 401 (1981) (holding that individual union members are immune from suits for damages under Section 301, even if their conduct was unauthorized by the union and in violation of the collective bargaining agreement).

Section 301(b) expressly provides:

> Any money judgment against a labor organization shall be enforceable only against the organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets.

29 U.S.C. § 185(b).  Not only does the statute expressly exempt union agents and members from personal liability, but in *Atkinson*, the Supreme Court "gave the statute a broader reading" in that the "purpose of section 301(b)… was to ensure that 'only the union was to be made to respond for union wrongs." *See Veggian v. Camden Bd. of Educ.,* 600 F.Supp.2d 615, 627-28 (D. NJ. 2009); *Franklin v. National Maritime Union of America,* 1991 WL 131182 (D. NJ. July 161, 1991) ("This Court agrees that union members and officials may not be held liable for damages in a duty of fair representation suit," and therefore, the Court dismissed the individual union-official defendants from the action).

3

Here, while the complaint is devoid of reference to any action taken or inaction not taken by Ashe, the complaint as it relates to Ashe must be dismissed.  Ashe is the President of Local 1694, and a Vice President of the ILA.  As the law is clear and established that no action under Section 301 may be maintained against an officer or member of a union, the complaint must be dismissed with respect to Defendant Ashe.

## VI.   CONCLUSION

Based on the foregoing, Defendant William Ashe respectfully submits that the complaint must be dismissed as it relates to Ashe.

                                    Respectfully submitted,

                                    O'DONOGHUE & O'DONOGHUE, LLP

Dated:  November 4, 2022                  */s/ Lance Geren*
LANCE GEREN
91 Christiana Road
New Castle, DE 19720
T:  (215) 629-4970
F:  (215) 629-4996
E:  lgeren@odonoghuelaw.com

*Attorneys for Defendant William Ashe*

**CERTIFICATE OF SERVICE**

    I, Lance Geren, certify that on November 4, 2022, the foregoing document was filed electronically with the Clerk of the Court and served by first-class mail upon Plaintiff "Delta Hill (Deta)" and Delaware District Court.

                                                          /s/ Lance Geren_____
                                                          Lance Geren