UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------------X
DELTA HILL (DETA),                                  :
                                                    :
                         Plaintiff,                 :
          v.                                        :
                                                    :   Civil Action No.: 1:22-cv-01397-RGA
STEPHEN KNOTT, WILLIAM ASHE, and ILA,               :
                                                    :
                         Defendants.                :
                                                    :
-------------------------------------------------------------------X
\#

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS INTERNATIONAL LONGSHOREMEN'S ASSOCIATION'S,
STEPHEN KNOTT'S, AND WILLIAM ASHE'S
MOTIONS TO DISMISS**

| | |
|---|---|
| MAZZOLA MARDON, P.C. | O'DONOGHUE & O'DONOGHUE, LLP |
| 26 Broadway, 17th Floor | 91 Christiana Road |
| New York, NY 10004 | New Castle, DE 19720 |
| (212) 425-3240 | (215) 629-4970 |
| | |
| *Pro Hac Vice Attorneys for* | *Attorneys for Defendant William Ashe* |
| *Defendants International Longshoremen's* | *and Local Counsel for Defendants* |
| *Association and Stephen Knott* | *International Longshoremen's* |
| | *Association and Stephen Knott* |

\#

## TABLE OF CONTENTS

                                                                                                                                  **Page**

INTRODUCTION……………………………………………………………………...………1

ARGUMENT…………………………………………………………………………...……………2

      I.      PLAINTIFF'S OPPOSITION DOES NOT REFUTE THAT DISMISSAL OF DEFENDANTS KNOTT AND ASHE IS REQUIRED AS A MATTER OF LAW……………………………………………………..…………………2

      II.     THE ILA LOCAL 1410 DECISION IS INAPPOSITE BECAUSE IT INVOLVES AN ANTIQUE PROVISION OF THE ILA'S CONSTITUTION………………………………………………….…………….3

CONCLUSION………………………………………………………………………...…….5

\#

\#

\#

\#

\#

\#

\#

\#

\#

\#

\#

\#

# TABLE OF AUTHORITIES

**Cases**                                          **Page(s)**

*Franklin v. Nat'l Mar. Union*, No. Cir. A. 91-480, 1991 WL 131182
    (D.N.J. July 16, 1991) .................................................................................................... 2

*Int'l Longshoremen's Ass'n, Local 1516 v. Int'l Longshoremen's Ass'n*, 815 F.2d 637 (11th Cir.
    1987)) ........................................................................................................................ 3, 4

*Stewart v. Keystone Realty Group, LP*, 4:14-CV-1050, 2015 WL 7016534 (M.D. Pa. Nov. 12,
    2015) ............................................................................................................................. 4

*Wilkes–Barre Pub. Co. v. Newspaper Guild of Wilkes–Barre, Local 120*,
    647 F.2d 372 (3d Cir. 1981) .......................................................................................... 2

**Statutes**

29 U.S.C. § 185 ..................................................................................................................... 2

**Rules**

Fed. R. Civ. P. 8(a) ........................................................................................................... 1, 5
Fed. R. Civ. P. 12(b)(6) ..................................................................................................... 1, 4
#

#

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------------------X
DELTA HILL (DETA),                                  :
                                                    :
                         Plaintiff,                 :
         v.                                         :
                                                    :   Civil Action No.: 1:22-cv-01397-RGA
STEPHEN KNOTT, WILLIAM ASHE, and ILA,               :
                                                    :
                         Defendants.                :
                                                    :
--------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS INTERNATIONAL LONGSHOREMEN'S ASSOCIATION'S,
STEPHEN KNOTT'S, AND WILLIAM ASHE'S
MOTIONS TO DISMISS**

**INTRODUCTION**

On November 1, 2022, Defendants International Longshoremen's Association (ILA) and Stephen Knott moved to dismiss Plaintiff Delta Hill's *pro se* complaint pursuant to Rule 12(b)(6) because the Complaint does not comply with Rule 8(a)(2) or (3), and therefore does not state a claim upon which relief can be granted.  Defendant William Ashe separately filed a motion to dismiss on November 4, 2022.  Plaintiff filed a brief opposing both Rule 12(b)(6) motions on November 28, 2022.[1]  For the reasons in Defendants' memoranda in support of their motions to dismiss, and those set forth below, Defendants request that this Court dismiss the complaint against

---

[1] Defendants will refer to pages in the Complaint, Motion to Dismiss, or Answering Brief by their Page ID# in the electronic filing system.

1003-594
130202

Defendants ILA, Stephen Knott, and William Ashe, or, as to the ILA, grant the ILA's motion for a more definite statement.

## ARGUMENT

### I.

### PLAINTIFF'S OPPOSITION DOES NOT REFUTE THAT DISMISSAL OF DEFENDANTS KNOTT AND ASHE IS REQUIRED AS A MATTER OF LAW

Much of Plaintiff's opposition focuses on Defendant Ashe's prior involvement with the ILA-affiliated local unions within the Port of Wilmington, DE. ECF # 161-63. But as the Defendants explained in their respective briefs in support of the motions to dismiss, ECF #127-29; # 146-47, Defendants Knott and Ashe cannot be individually liable for any breach of duty of fair representation, or for any Section 301 claims. Plaintiff's opposition does not dispute either of these settled concepts of federal common law. *E.g.*, *Wilkes–Barre Pub. Co. v. Newspaper Guild of Wilkes–Barre, Local 120*, 647 F.2d 372, 377 (3d Cir. 1981) (Section 301 of the LMRA "immunizes the individual [union] defendants from liability for money damages."); *Franklin v. Nat'l Mar. Union*, No. Cir. A. 91-480, 1991 WL 131182, at *4 (D.N.J. July 16, 1991) ( "[T]he language of § 301(b) and the Supreme Court's decision in *Atkinson*. . . provide[s] a shield for individual union. . . officials" in DFR suits and is in line with the other Circuit Courts which have considered the issue "with monotonous regularity. . ."). As Defendants explained in their motions to dismiss, to the extent Hill's Complaint alleges a violation of the DFR, or a violation of the ILA Constitution against the ILA, it cannot allege one against Defendant Knott or Ashe individually. Thus, to the extent Hill's Complaint alleges a violation of the DFR or a violation of the ILA

Constitution against the ILA, those claims against Defendants Knott and Ashe must be dismissed with prejudice.

## II.

### THE ILA LOCAL 1410 DECISION IS INAPPOSITE BECAUSE IT INVOLVES AN ANTIQUE PROVISION OF THE ILA'S CONSTITUTION

Plaintiff's opposition also asks this Court to adopt *Int'l Longshoremen's Ass'n, Local 1516 v. Int'l Longshoremen's Ass'n*, 815 F.2d 637 (11th Cir. 1987) (*Local 1516*), as controlling law in this case. The central issue in *Local 1516* was whether, under the terms of the ILA Constitution that was then in effect, the ILA Executive Council had the authority to merge two of its local union affiliates, ILA Locals 1410 and 1410-1. When that merger occurred, Article XII, Section 4 of the ILA Constitution provided as follows:

> No Local Union shall withdraw or be dissolved so long as at least ten (10) members in good standing object to its dissolution at a meeting called to consider the question. However, the Executive Council, with the approval of the District involved, shall have power to revoke the charter of any Local Union which is inactive or not functioning as a bona fide trade union. The Executive Council shall also have power to merge or consolidate two or more Local Unions whenever a majority of the members of each of the affected Local Unions has approved of such merger or consolidation at meetings duly called upon reasonable prior notice.

815 F.2d at 639, n. 1.

In that case, the Eleventh Circuit reasoned that the ILA Executive Council was without the authority to merge two unions because it was required to obtain majority consent of the members of all the locals affected by the proposed merger and had not done so. *Id.* at 641.

However, Article XII, Section 4 of the ILA Constitution has been amended since 1987. So when the merger that is the subject of this case took place, the wording was as follows:

> Except as provided in Article XVIII, Section 2 and Article XXI of this Constitution, no local union shall withdraw or be dissolved so long as at least ten (10) members

> in good standing object to its dissolution at a meeting called to consider the question. However, the Executive Officers, with the approval of the District involved, shall have the power to revoke the charter of any local union that is inactive or not functioning as a bona fide trade union. **The Executive Officers shall have authority to merge or consolidate two or more locals on such terms and conditions as it deems necessary or appropriate when such action is deemed to be in the best interest of the International and its members.**

**Exhibit A**, ILA Constitution (2019), Article XII, Section 4 (emphasis added).[2]

Accordingly, because the Eleventh Circuit's reasoning in *Local 1516* turned on the interpretation of an antique provision of the ILA's Constitution which is no longer in effect, that decision cannot be adopted by this Court as controlling law.

---

[2] "[I]n the Third Circuit, [when] deciding a 12(b)(6) motion to dismiss, a court may properly consider documents beyond the complaint." *Stewart v. Keystone Realty Group, LP*, 4:14-CV-1050, 2015 WL 7016534 (M.D. Pa. Nov. 12, 2015) (citations omitted). Specifically, a court may consider "documents referenced and incorporated in the complaint and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion." *See id.* The ILA's constitution is such a document.

# CONCLUSION

For all the foregoing reasons, and for the reasons set forth in the ILA's Memorandums of Law in Support of its Motion to Dismiss, Defendant ILA requests that this Court dismiss the complaint for its violations of Rule 8(a), or, in the alternative, grant the ILA's motion for a more definite statement. Defendants Knott and Ashe request that this Court dismiss the complaint against them with prejudice.

Dated:   December 5, 2022

Respectfully submitted,

| MAZZOLA MARDON, P.C. | O'DONOGHUE & O'DONOGHUE, LLP |
|---|---|
| /s/ Nicholas M. Graziano | /s/ Lance Geren |
| John P. Sheridan | Lance Geren |
| Nicholas M. Graziano | 91 Christiana Road |
| 26 Broadway, 17th Floor | New Castle, DE 19720 |
| New York, NY 10004 | (215) 629-4970 |
| (212) 425-3240 | lgeren@odonoghuelaw.com |
| ngraziano@mmmpc.com | |
| *Pro Hac Vice Attorneys for Defendants International Longshoremen's Association and Stephen Knott* | *Attorneys for Defendant William Ashe and Local Counsel for Defendants International Longshoremen's Association and Stephen Knott* |

# 

## CERTIFICATE OF SERVICE

I, Lance Geren, certify that on December 5, 2022, the foregoing document was filed electronically with the Clerk of the Court and served by first-class mail upon Plaintiff "Delta Hill (Deta)" and Delaware District Court.

                                                        /s/ Lance Geren  
                                                        Lance Geren

#