UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------------X
DELTA HILL (DETA),                                           :
                                                             :
                          Plaintiff,                         :
           v.                                                :
                                                             :  Civil Action No.: 1:22-cv-01397-RGA
STEPHEN KNOTT, WILLIAM ASHE, and ILA,                        :
                                                             :
                          Defendants.                        :
                                                             :
-------------------------------------------------------------X
```

**DEFENDANTS' BRIEF IN OPPOSITION
TO PLAINTIFF'S "MOTION TO CEASE AND DESIST"**

| | |
|---|---|
| MAZZOLA MARDON, P.C.<br>26 Broadway, 17th Floor<br>New York, NY 10004<br>(212) 425-3240<br><br>*Pro Hac Vice Attorneys for<br>Defendants International Longshoremen's<br>Association and Stephen Knott* | O'DONOGHUE & O'DONOGHUE, LLP<br>91 Christiana Road<br>New Castle, DE 19720<br>(215) 629-4970<br><br>*Attorneys for Defendant William Ashe<br>and Local Counsel for Defendants<br>International Longshoremen's<br>Association and Stephen Knott* |

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 1
ARGUMENT ............................................................................................................................... 1
    A.    Plaintiff Has Submitted No Supporting Evidence ........................................................ 2
    B.    Plaintiff Is Unlikely To Succeed On The Merits Of Her Claims ................................. 3
    C.    Plaintiff Will Not Suffer Irreparable Harm .................................................................. 4
CONCLUSION ............................................................................................................................ 6

## TABLE OF AUTHORITIES

**Cases**                                                                      **Page(s)**

*Amato v. Elicker*, No. 3:20-CV-464 (MPS), 2020 WL 2542788
 (D. Conn. May 19, 2020) ........................................................................................................ 3

*Brennan v. William Paterson Coll.*, 492 F. App'x 258 (3d Cir. 2012) ........................................... 3

*Bullock v. Carney*, 463 F. Supp. 3d 519 (D. Del. 2020) ................................................................. 2

*Cephas v. Int'l Longshoremen's Ass'n*, No. 16-cv-00316 (RGA)
 (D. Del. July 7, 2016) .............................................................................................................. 4

*Dow v. United Bhd. of Carpenters*, 1 F.3d 56 (1st Cir. 1993) ........................................................ 4

*Exec. Board Local 1302 v. United Bhd. of Carpenters*,
 477 F.2d 612 (2d Cir. 1973) .................................................................................................... 4

*Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.*,
 847 F.2d 100 (3d Cir. 1988) .................................................................................................... 1

*Local No. 48 v. United Bhd. of Carpenters,* 920 F.2d 1047 (1st Cir. 1990) ................................... 4

*Local No. 48, United Bhd. of Carpenters v. United Bhd. of Carpenters*,
 920 F.2d 1047 (1st Cir. 1990) .................................................................................................. 5

*Mazurek v. Armstrong*, 520 U.S. 968 (1997) ................................................................................. 2

*Millinery Workers' Union Local 55/56*, 495 F. Supp. 60 (E.D. Mo. 1980) .................................... 5

*NutraSweet Co.*, 176 F.3d at 153 .................................................................................................... 5

*Osorio-Martinez v. Atty Gen. of the United States*, 893 F.3d 153, 178 (3d Cir. 2018) .................. 2

*Societe Comptoir De L'Industrie Cotonniere, Etablissements Boussac
 v. Alexander's Dep't Stores, Inc.*, 190 F. Supp. 594 (S.D.N.Y. 1961) ...................................... 2

*Vertigo Media Inc. v. Earbuds Inc.*, No. 21-120 (MN),
 2021 WL 4806410 (D. Del. Oct. 14, 2021) ......................................................................... 2, 3

*Winter v. Nat. Res. Def. Council, Inc.*,
 555 U.S. 7 (2008) ..................................................................................................................... 2

**Statutes**

LMRDA § 101(a)(5) ................................................................................................................. 5

**Other Authorities**

C. Wright, et al., *Federal Practice and Procedure* § 2948 (2d ed. 1995) ..................................... 2
Federal Practice & Procedure § 2949 (3d ed.) .............................................................................. 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------X
DELTA HILL (DETA),                                         :
                                                           :
                Plaintiff,                           :
    v.                                                     :
                                                           :  Civil Action No.: 1:22-cv-01397-RGA
STEPHEN KNOTT, WILLIAM ASHE, and ILA,                      :
                                                           :
                Defendants.                          :
                                                           :
------------------------------------------------------------------X

**DEFENDANTS' BRIEF IN OPPOSITION
TO PLAINTIFF'S "MOTION TO CEASE AND DESIST"**

**INTRODUCTION**

On November 28, 2022, Plaintiff Deta Hill filed a "Motion to Cease and Desist."[1] ECF #14. In this motion, Plaintiff seeks preliminary injunctive relief from this Court in the form of an order prohibiting the further dissolution of the earlier merger of ILA Local 1694-1 with other ILA locals. This memorandum will establish that Plaintiff is not entitled to an injunction under the clear legal standard for injunctive relief because Plaintiff's motion fails to include evidentiary support, because Plaintiff is not likely to succeed on the merits of her claims, and because Plaintiff fails to demonstrate irreparable harm.

**ARGUMENT**

A preliminary injunction is "an extraordinary remedy, which should be granted only in limited circumstances." *Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988) (citation omitted). Specifically, a preliminary injunction may be granted only if the

---

[1] Defendants will refer to pages in the Motion to Cease and Desist by their Page ID# in the electronic filing system.

moving party shows: (1) a likelihood of success on the merits; (2) irreparable harm if an injunction is not granted; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Osorio-Martinez v. Atty Gen. of the United States*, 893 F.3d 153, 178 (3d Cir. 2018); *Altana Pharma AG v. Teva Pharm. USA, Inc.*, 566 F.3d 999, 1005 (Fed. Cir. 2009). This Court cannot grant Plaintiffs' preliminary injunction unless Plaintiff has established both a likelihood of success on the merits and the existence of irreparable harm without the injunctive relief. *Vertigo Media Inc. v. Earbuds Inc.*, No. 21-120 (MN), 2021 WL 4806410, at *5 (D. Del. Oct. 14, 2021); *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001). Plaintiff has failed to establish either factor, and moreover, Plaintiffs' Motion is bare of any evidentiary support.

A.   **Plaintiff Has Submitted No Supporting Evidence**

As noted above, "[i]t frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129–130 (2d ed. 1995)) ("Federal Practice and Procedure"). To make such a "clear showing," it is black letter law that the moving party must put forth evidence supporting its claims, and neither attorney argument nor the allegations in the complaint suffice. *See Bullock v. Carney*, 463 F. Supp. 3d 519, 524–25 (D. Del. 2020); *Societe Comptoir De L'Industrie Cotonniere, Etablissements Boussac v. Alexander's Dep't Stores, Inc.*, 190 F. Supp. 594, 601 (S.D.N.Y. 1961) ("As support for a preliminary injunction the court can consider only facts presented by affidavit or [sworn] testimony. . ."); *Amato v. Elicker*, No. 3:20-CV-464 (MPS), 2020 WL 2542788, at *6 n.6 (D.

Conn. May 19, 2020) ("The Court cannot rely on factual representations in the parties' briefs to decide a motion for a preliminary injunction or temporary restraining order."); Federal Practice & Procedure § 2949 at 237 (3d ed.) ("Evidence that goes beyond the unverified allegations of the pleadings and motion papers must be presented to support or oppose a motion for a preliminary injunction.").

In support of her motion, Plaintiff has provided no affidavits, verifications or authenticated documentary evidence to meet her burden of persuasion. Instead, Plaintiff has presented her own letters and arguments to the Court. ECF #14-1, Exs. A-L. Though some of the exhibits are true copies of the documents they purport to be, such as Exs. F (Letter from ILA Pres. Daggett with Terms of Dissolution of Merger) and K (ILA Code of Ethics), these documents cannot support Plaintiff's testimony because Plaintiff has not presented any. As this Court has recently explained, where a plaintiff's motion for injunctive relief is "long on argument but short on ***evidence***"—as Plaintiffs' certainly is—that motion must be denied. *See Vertigo Media Inc.*, 2021 WL 4806410 at *6.

B.  **Plaintiff Is Unlikely To Succeed On The Merits Of Her Claims**

This Court should deny Plaintiffs' Motion for Preliminary Injunction because Plaintiff cannot establish a likelihood of success on the merits of her Complaint. It appears from her Motion for Preliminary Injunction that Plaintiff seeks to enjoin Defendant ILA from dissolving the merger of ILA Local 1694-1 into ILA Locals 1694, 1883, and 1884 because the dissolution has an improper purpose.[2]

---

[2] The usual function of a preliminary injunction is to preserve the status quo pending a final determination on the merits. *Brennan v. William Paterson Coll.*, 492 F. App'x 258, 263 (3d Cir. 2012). The reason is that a court must retain its ability to render a meaningful decision on the merits. *Id.* at 263. Here, however, Plaintiffs ask not to preserve the status quo (*i.e.,* to preserve the functionality of ILA Local 2076) but to undo the dissolution, oust newly elected union officials, and to dissolve ILA Local 2076. Simply put, Plaintiffs' proposed preliminary injunction seeks the ultimate relief that Plaintiffs seek on the merits without having to prove her case at a hearing on the merits.

3

Specifically, Plaintiff alleges that the dissolution of the merger is in effect a re-imposition of the trusteeship which was imposed on the former ILA Local 1694-1 in May, 2016 and thus must have been carried out in bad faith. Plaintiff cannot use her motion to challenge the ILA's decision in that unrelated case, and besides, members of ILA Local 1694-1 sought and failed to obtain a temporary restraining order and preliminary injunction seeking to prevent the imposition of that trusteeship many years ago. *See Cephas v. Int'l Longshoremen's Ass'n*, No. 16-cv-00316 (RGA) (D. Del. July 7, 2016).

Rather, to succeed on the merits of her claims, Plaintiff must demonstrate through clear and convincing evidence that the more recent decision to dissolve the ILA Local 1694-1 merger was done in bad faith. But, "it is common ground that a labor union's internal affairs comprise an enclave best kept free from judicial intrusion." *Dow v. United Bhd. of Carpenters*, 1 F.3d 56, 58 (1st Cir. 1993) (citing *Local No. 48 v. United Bhd. of Carpenters,* 920 F.2d 1047, 1051 (1st Cir. 1990)). "Courts have neither a monopoly on fairness nor a sufficient expertise in the administration of labor organizations to warrant pervasive judicial interference in the internal affairs of a union." *Local 48*, at 1051. "[J]udicial intervention should be undertaken with only the greatest care and caution." *Exec. Board Local 1302 v. United Bhd. of Carpenters,* 477 F.2d 612, 615 (2d Cir. 1973)). Plaintiffs' Motion does not present any evidence of bad faith, let alone the clear and convincing evidence necessary to overcome the presumption that the ILA's decision to dissolve the merger of ILA Local 1694-1 was a reasonable one.

## C.     **Plaintiff Will Not Suffer Irreparable Harm**

Plaintiffs' Motion for a Preliminary Injunction must also be denied because neither Plaintiff nor any of the members of the former Local 1694-1 will be irreparably harmed if this Court denies her motion. This is because Plaintiff and the other members of the former ILA Local 1694-1 may still invoke all of their rights guaranteed by Title I of the Labor Management Reporting

4

and Disclosure Act (LMRDA) because those rights have not been affected by the dissolution of the merger and are preserved through the formation of ILA Local 2076. "A merger or consolidation, by itself, is not 'disciplinary action' within the meaning of section 101(a)(5)." *Millinery Workers' Union Local 55/56 v. United Hatters, Cap & Millinery Workers' Int'l Union*, 495 F. Supp. 60, 63 (E.D. Mo. 1980) (citations omitted). Title I-guaranteed rights are typically unaffected by a merger or consolidation, or a dissolution of a merger where the affected members are placed into another democratic, self-governing labor organization. *E.g.*, *Local No. 48, United Bhd. of Carpenters v. United Bhd. of Carpenters*, 920 F.2d 1047, 1056 (1st Cir. 1990) (holding mergers and consolidations do not typically affect Title 1 rights).

      Accordingly, because Plaintiff cannot show either a likelihood of success on the merits or irreparable injury, "a preliminary injunction [here is] inappropriate." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999).

## CONCLUSION

For all the foregoing reasons, Plaintiffs' Motion to Cease and Desist must be denied.

Dated:   New York, New York
         December 20, 2022

                                        Respectfully submitted,


| MAZZOLA MARDON, P.C. | O'DONOGHUE & O'DONOGHUE, LLP |
|---|---|
| /s/ Nicholas M. Graziano | /s/ Lance Geren |
| John P. Sheridan | Lance Geren |
| Nicholas M. Graziano | 91 Christiana Road |
| 26 Broadway, 17th Floor | New Castle, DE 19720 |
| New York, NY 10004 | (215) 629-4970 |
| (212) 425-3240 | lgeren@odonoghuelaw.com |
| ngraziano@mmmpc.com | |
| *Pro Hac Vice Attorneys for Defendants International Longshoremen's Association and Stephen Knott* | *Attorneys for Defendant William Ashe and Local Counsel for Defendants International Longshoremen's Association and Stephen Knott* |

## CERTIFICATE OF SERVICE

I, Lance Geren, certify that on December 20, 2022, the foregoing document was filed electronically with the Clerk of the Court and served by first-class mail upon Plaintiff "Delta Hill (Deta)".

                                                              /s/ Lance Geren
                                                            LANCE GEREN