IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DELTA HILL (DETA), | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 22-1397-RGA |
| | : | |
| STEPHEN KNOTT, et al., | : | |
| | : | |
| Defendants. | : | |

Delta Hill (Deta), Wilmington, Delaware.   Pro Se Plaintiff.

Lance M. Geren, Esquire O'Donoghue & O'Donoghue, LLP, Wilmington, Delaware. Counsel for Defendants

**MEMORANDUM OPINION**

September 21, 2023
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

  Plaintiff Delta Hill, proceeding *pro se*, filed this labor action in the Superior Court of New Castle County. (D.I. 1-1). Defendants timely removed the action to this Court based on federal question jurisdiction. (D.I. 1). Before the Court are Plaintiff's motion to remand (D.I. 5) and Defendants' motions to dismiss. (D.I. 6, 10). Plaintiff has also filed a motion to cease and desist. (D.I. 14). The motions are fully briefed.

**I. BACKGROUND**

  The Complaint itself is two pages long. (D.I. 1-1 at 6-7). Submitted with the Complaint are 40 pages of exhibits, including correspondence, handwritten notes, and an excerpt of article and an excerpt of a collective bargaining agreement. (*Id.* at 10-50). Plaintiff names as Defendants the International Longshoremen's Association ("ILA"), ILA Secretary Treasurer Stephen Knott, and ILA Vice President William Ashe. In the Complaint, Plaintiff indicates that her local ILA affiliate was merged without following some of the rules for a merger laid out in the ILA's constitution. Plaintiff's local affiliate challenged a proposed contract, and then received a letter stating that the merger would be dissolved. Plaintiff, and possibly other members of the local affiliate, now apparently object to the dissolution of the merger. Plaintiff asserts that, per the ILA's constitution, the dissolution cannot take effect in light of the objection. Plaintiff further alleges that the ILA stated that the objection was ineffective and harmful to the ILA and can be "seen in bad faith and can be seen as a defamation of the character of the members of" the local affiliate. (*Id.* at 7). There is no prayer for relief.

1

Plaintiff has filed a motion to remand, and Defendants have filed motions to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.     LEGAL STANDARD

### A.     Remand

"In order to remove a case to federal court, a defendant must comply with the statutory requirements of 28 U.S.C. §§ 1441 and 1446."  *Meltzer v. Cont'l Ins. Co.*, 163 F. Supp. 2d 523, 525 (E.D. Pa. 2001).   Namely, the District Court must have original jurisdiction by way of a federal question or diversity of citizenship, and the defendant or defendants must follow the procedural requirements contained in the removal statutes.  *Id.*

A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction."   28 U.S.C. § 1447(c).   The party seeking removal bears the burden of demonstrating that the Court has jurisdiction to hear the case.   *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).   In determining whether remand based on improper removal is appropriate, the court "must focus on the plaintiffs' complaint at the time the petition for removal was filed," and assume all factual allegations therein are true.   *Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987).   Courts must construe the federal removal statutes strictly and resolve any doubts in favor of remand.   *Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa.*, 605 F.2d 119, 123 (3d Cir. 1979).

2

B.     Rule 12(b)(6)

In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), I must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).   Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Id.* at 94.   A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).   I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint."  *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002).   A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted."  *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility."  *Id*. at 12.   That plausibility must be found on the face of the complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable

3

inference that the [accused] is liable for the misconduct alleged." *Id*.  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

### III.   DISCUSSION

#### 1.   Motion to Remand

It is unclear precisely what claim or claims Plaintiff is attempting to bring.  It is, however, clear that any purported claims are related to collective bargaining with the ILA and therefore are governed by Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, titled "Suits by and against labor organizations."

Section 301(a) of LMRA states, "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . ., or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."  *Id*. § 185(a).  This includes claims based on alleged violations of a union's constitution.  *See Woodell v. Int'l Bhd. of Elec. Workers Local 71*, 502 U.S. 93, 101-02 (1991); *see also United Ass'n of Journeymen of the Plumbing & Pipefitting Indus. v. Local 334, United Ass'n of Journeyman & Apprentices*, 452 U.S. 615, 619-20 (1981).  The United States Court of Appeals for the Third Circuit has held that a "federal court has jurisdiction under section 301(a) over suits brought by an individual union member against his or her local union or the international union for violation of a union constitution." *Lewis v. Int'l Bhd. of Teamsters*, 826 F.2d 1310, 1314 (3d Cir. 1987).  I conclude that this court clearly has federal question jurisdiction.

To the extent that the Complaint could be construed as asserting some variety of state law claims, those claims are pre-empted by the Section 301(a) of the LMRA. *See United Steelworkers v. Rawson*, 495 U.S. 362, 369 (1990); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). Accordingly, removal was appropriate and the motion to remand will be denied.

### 2. Motions to Dismiss

The Complaint in its current form fails to state a claim. Plaintiff generally asserts that the procedures required by the ILA's constitution were not followed, but her allegations lack the specificity necessary to state a claim. Relatedly, it is not clear what claim or claims Plaintiff seeks to bring. Furthermore, the Complaint does not contain a prayer for relief that explains what relief plaintiff seeks from the Court. Federal Rule of Civil Procedure 8(a)(2) and (3) require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "a demand for the relief," Fed. R. Civ. P. 8(a)(3). *See, e.g.*, *Scibelli v. Lebanon Cnty.*, 219 F. App'x 221, 222 (3d Cir. 2007); *see also Klein v. Pike Cnty. Comm'rs*, 2011 WL 6097734 (M.D. Pa. Dec. 6, 2011) (failure to articulate a prayer for relief compels dismissal). Plaintiff's failure to specify relief of any sort weighs in favor of dismissal for noncompliance with Rule 8. *See Liggon-Redding v. Souser*, 352 F. App'x 618, 619 (3d Cir. 2009) (affirming dismissal without prejudice where complaint failed to identify relief sought). Accordingly, the claim or claims against the ILA will be dismissed with leave to amend.

The claim or claims against Defendants Knott and Ashe will be dismissed as well. Section 301(b) of the LMRA provides, "Any money judgment against a labor

organization in a district court of the United States shall be enforceable only against the organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets." 29 U.S.C. § 185(b).   The Third Circuit has stated that the "the law is clear that individual union officers are not personally liable to third parties for actions taken on behalf of the union in the collective bargaining process."  *Carino v. Stefan*, 376 F.3d 156, 159-60 (3rd Cir. 2004) ("Our court has recognized that *Atkinson* [*v. Sinclair Refining Co.*, 370 U.S. 238 (1962)] provides individual union members and officers immunity from suit for union wrongs."); *see also Complete Auto Transit, Inc. v. Reis*, 451 U.S. 401 (1981).   Accordingly, amendment is futile as to the claim or claims against Defendants Knott and Ashe.

Plaintiff's motion to cease and desist, which is essentially a motion for a preliminary injunction, will be denied in light of the dismissal of her other claims, her failure to demonstrate a likelihood of success on the merits, the absence of irreparable harm, and her failure to provide evidentiary support for the motion.   *See NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999)

## IV.   CONCLUSION

For the foregoing reasons, I will deny Plaintiff's motion to remand, grant Defendants' motions to dismiss, and deny Plaintiff's motion to cease and desist. Plaintiff will be given leave to amend her claim or claims against the ILA.

A separate order shall issue.