IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ANSWER TO DEFENDANT'S MOTION TO DISMISS

MOTION TO DENY DEFENDANT'S MOTION TO DIMISS UNDER RULE 2.2 AND 2.15

DELTA HILL (DETA)

    Plaintiff        Civil Action No. 22-1397-RGA

 V

INTERNATIONAL LONGSHOREMEN ASSOCIATION

 V.      Defendant

G.T. USA

 V      Defendant

INTERNATIONAL LONGSHOREMEN ASSOCIATION (Secretary Treasurer)

    Defendant

Under the LMRDA, US code title 29 sub chapter 7, subsection IV, subsection 186 restrictions on financial transactions US code a, b

LMRDA Bill of rights: Title 1 – Bill of right of union members



Our charges were amended, in the amended charges, ever since filing charges the plaintiff have always given the court cause for filing and the remedies. In one of attorney Lance Gerren argument, is that the plaintiff would not suffer any reprehensible harm from the dissolution of the members who were merged and become an integral part of 1883, 1884 and 1694. That argument that the defendant brought to the court was without merit and is baseless as the defendant knows very well that the action of the defendant caused us great harm. (1) In 2018 after coming out of trusteeship that was imposed upon us by defendant, we the former members of 1694-1 were not made whole , so by that we had to take the trustee back to the District Council, myself, Deta Hill and Stanford Fowler where we filed charges.  The plaintiff, Deta Hill got back her seniority that has been stolen from her for over thirty years and brother Stanford got equal work, equal pay and equal benefit which was never applied. The plaintiff got her seniority but no benefit. The members that were before her went behind her with the benefits that they had and sister Hill went in her rightful place but no benefits. Equal work, equal pay, and equal benefit still not being compensated or made whole after coming out of the trusteeship. We had our MILA insurance taken away from us that we got coming out of trusteeship and was given Blue cross Blue Shield which was less than we had.

 2) In 2018, the state leased out the Port of Wilmington to G.T. USA. When G.T. USA came along, former ILA local 1694-1 members were terminal workers that did stripping, stuffing and other terminal work on the Port of Wilmington. As an ILA worker, in 2018 all four locals in the Port of Wilmington move to a six year contract under G.T.USA who has become a stevedorian employer. At that time attorney Lance Gerren

was our attorney. All three locals 1694, 1883 and 1884 got a six year contract with G.T. USA with all their benefits and all their annuity. Former ILA 1694-1 was the only local out of all four locals that did not receive a contract with G.T. USA in 2018. There was an attempt to give us a six year contract in 2020 but because of the wording between Lance Gerren and the employer that stated that to fund MILA insurance all members would have to lose their paid benefits, vacation, annuity and holiday pay etc. would have gone to pay for MILA if the members wanted to keep MILA. The members voted down that contract in 2020. So, we have gotten no benefit from G.T. USA when all other locals have been made whole with the CBA.

3) In March 2021, through the Secretary Treasurer's Office the former members of ILA Local 1694-1 were merged with no fault of ours and became an integral part of 1694, 1883 and 1884. A hearing was held and a contract shortly thereafter. On the day of the contract voting, members that were not a part of former 1694-1 were seen voting on or about 4:30 pm that evening, and was pointed out to the election committee in which they voided that ballot and placed it in the box. That contract itself was illegal and it voided three years of our contract that should have started 2018-2024 for a six year contract. The contract was voted upon on May 27, 2022 to take effect on October 1, 2022 which also had a signing bonus which a union that handles commerce does not take payout under the LMRDA US code title 29 sub chapter7, subsection iv, subsection 186 restrictions on financial transactions US code (a), (b).

It is alleged that one of our union member was having a conversation with G.T. USA counsel in which he said that he and the International made an agreement to sign that contract to have former local 1694-1

3 of 4

members become G.T. USA workers. We were never G.T. USA workers from the beginning as we were told from when we were filling out the application form not to put on our file that we were G.T. USA workers but we should instead put that we are ILA workers. We knew that we could never be G.T. USA workers. Now that G.T. USA have lost their contract with the state and is no longer a part of the Port of Wilmington we have not gotten any annuity or other benefits from G.T. USA unlike the other three locals which have gotten a six year contract which will expire in 2024.

See all the charges and exhibits of our original charges.

Remedy

1. We the members of former 1694-1 would like to be made whole by compensating us all the benefits that were lost with interest.
2. We would like to go back to the original merger that occurred on March 16, 2021.
3. We the members of former 1694-1 would like to get our benefits, annuity, vacation, holiday pay and pay rate grandfathered in from 2018 – 2024.
4. Hold G.T. USA accountable for retirement package and lack of benefit thereof since 2018.

*[signatures]*
(Deta)