IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELTA HILL (DETA), | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-1397 (JLH) |
| | ) |
| INTERNATIONAL LONGSHOREMAN ASSOCIATION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Delta Hill, Wilmington, Delaware, Pro Se Plaintiff.

Lance M. Geren, Esq., John P. Sheridan, Esq., Nicholas M. Graziano, Esq., O'Donoghue & O'Donoghue, LLP, New Castle, Delaware. Counsel for Defendant.

September 13, 2024
Wilmington, Delaware

**HALL, U.S. District Judge:**

## I.     INTRODUCTION

On October 25, 2022, this matter was removed to this Court from the Superior Court of the State of Delaware.  (D.I. 1.)  On September 21, 2023, the Court dismissed the Complaint against all then-named defendants but granted leave to amend only as against Defendant International Longshoreman Association ("ILA").  (D.I. 18, 19.)  On October 13, 2023, Plaintiff Delta Hill, proceeding *pro se*, filed an Amended Complaint.  (D.I. 25; *see also* D.I. 20 (unsigned copy).)  Defendant ILA filed a motion to dismiss.  (D.I. 22.)  The matter was subsequently reassigned to me.  For the reasons set forth below, the motion is GRANTED, and the Amended Complaint is DISMISSED without prejudice and with leave to amend as against Defendant ILA.[1]

## II.    BACKGROUND

According to the Amended Complaint, when the State of Delaware leased Port Wilmington to GT USA in 2018, GT USA inherited a six-year contract with Plaintiff's local union, ILA Local 1694-1, which GT USA allegedly breached in various ways.  (D.I. 25 at 3–4.)  The Amended Complaint also alleges that GT USA was able to treat Local 1694-1 members undesirably due to ambiguity in the wording of the six-year contract, for which Plaintiff faults the attorney who negotiated the contract on Local 1694-1's behalf.  (*Id.* at 4.)  That attorney is Defendant's lead counsel.  (*Id.*)

The Amended Complaint alleges that GT USA did not give Local 1694-1 a work contract within a certain time frame, did not give Local 1694-1 members raises or pay for their retirement

---

[1] It appears from the Amended Complaint that Plaintiff may be trying to assert claims against additional defendants.  The Court has not granted leave to add additional defendants (D.I. 19), nor does the record reflect any attempted service on any additional defendants.

packages, and changed Local 1694-1 members' health insurance from a Management International Longshoremen's Association (MILA) plan to a less comprehensive Blue Cross Blue Shield plan. (*Id.* at 3.)

Additionally, GT USA allegedly divided Local 1694-1 members into two groups, A and B, and members of the A group received full benefits, while members of the B group only received partial benefits. (*Id.*) The Amended Complaint asserts that this division of union members and disparate treatment of groups was discriminatory. (*Id.*) The Amended Complaint also alleges that GT USA "discriminated" against Local 1694-1 and used "unfair labor practice[s]" because other local unions received better treatment. (*Id.* at 4.)

Local 1694-1 subsequently merged with other local unions, and Plaintiff became a member of Local Union 1694. (*Id.* at 4–5.) Then, Defendant's lead counsel allegedly negotiated a contract with GT USA on Local 1694's behalf in 2021 and, at that time, the length of the contract was shortened by three years. (*Id.* at 5.) Additionally, the agreement did not include a signing bonus for union members, which the Amended Complaint asserts was illegal, discriminatory, and amounted to an unfair labor practice. (*Id.*) Also in 2021, former Local 1694-1 members allegedly "won the rights to get [their] seniority fixed." (*Id.*)

GT USA's contract with the State of Delaware ended in 2023. (*Id.*) The Amended Complaint alleges that, at that time, Defendant "and the Secretary Treasurer office voted illegally without the members approval and dissolute members of 1694, 1883 and 1884 and started a new local called 2076." (*Id.*) The Amended Complaint further alleges that, as a result of subpar treatment while under contract with GT USA between 2018 and 2023, Plaintiff currently receives

less pay than junior workers and has received "no retroactive benefits," so Plaintiff has not been "made whole until this day." (*Id.*)

### III.   LEGAL STANDARD

Because Plaintiff proceeds *pro se*, her pleading is liberally construed, and the Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

But a *pro se* complaint must still meet the standard set out in Federal Rule of Civil Procedure 8.  Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To satisfy this requirement, a complaint must state "enough facts to render it plausible that each defendant individually has performed at least one type of" wrongful act that would render him or her liable for the violations alleged.  *Bench Walk Lighting LLC v. LG Innotek Co.*, 530 F. Supp. 3d 468, 488 (D. Del. 2021).  "Each allegation must be simple, concise, and direct," pursuant to Rule 8(d)(1).  Fed. R. Civ. P. 8(d)(1).  Furthermore, Rule 8(a)(3) requires "a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a)(3).

### IV.   DISCUSSION

Upon review of the Amended Complaint, and with the benefit of adversarial briefing, the Court concludes that the Amended Complaint is deficient.  It includes allegations of breach of contract, discrimination, and unfair labor practices that "they" committed, without specifying to whom "they" refers. (D.I. 25 at 3–7.)  The Amended Complaint suggests that the entity responsible for these violations is GT USA, not Defendant ILA.  (*See id.*)  Additionally, although the Amended Complaint alleges that Plaintiff has not received retroactive benefits and is currently paid less than

3

junior workers, it does not specify what relief would make Plaintiff whole, be it a specific monetary amount or other form of relief.

Regarding Defendant specifically, the Amended Complaint only alleges that Defendant participated in an illegal vote "without the members approval and dissolute members of 1694, 1883 and 1884 and started a new local called 2076." (*Id.* at 5.) Construed liberally, the Court understands this to mean that the local union of which Plaintiff was originally a member, Local 1694-1, was dissolved after a vote by Defendant and others. More information is needed for the Court to understand why this vote was illegal, what law(s) it violated, what harm(s) Plaintiff suffered from this violation, and what relief Plaintiff now seeks in response.

Additionally, the Amended Complaint makes several allegations that specifically name Defendant's lead counsel. (*Id.* at 4–5.) To the extent that Plaintiff intends to assert these allegations against Defendant itself, more information is needed for the Court to understand what law(s) counsel violated, why Defendant bears responsibility, what harm(s) Plaintiff suffered, and what relief Plaintiff seeks.

In sum, the Amended Complaint does not meet Rule 8's notice of pleading standard. To remedy the deficiencies in the Amended Complaint, Plaintiff will need to simply, concisely, and directly state: (1) the specific events which serve as the basis for Plaintiff's claims against Defendant; (2) the dates on which these events took place, the individuals involved, and the location, if pertinent; (3) how Defendant specifically is involved in the claims; (4) the harm Plaintiff suffered, if any, from each violation; and (5) the relief that Plaintiff is seeking through this action.

Plaintiff will be given one more opportunity to file an amended complaint remedying the deficiencies discussed above.  If Plaintiff chooses to file a second amended complaint, Plaintiff may not add any new claims; Plaintiff may only amend the allegations in the Amended Complaint to remedy the above-discussed deficiencies.  Plaintiff should be advised that filing a second amended complaint that fails to remedy the above-discussed deficiencies will likely result in dismissal with prejudice.  Alternatively, if Plaintiff chooses not to timely file a second amended complaint, the Amended Complaint will be dismissed without prejudice and this case will be closed.

## V. CONCLUSION

For the above reasons, the Court will grant Defendant's motion to dismiss the Amended Complaint.  (D.I. 22.)

An appropriate Order will be entered.