IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELTA HILL (DETA), | ) |
|                Plaintiff, | ) |
|     v. | ) C.A. No. 22-1397 (JLH) |
| INTERNATIONAL LONGSHOREMAN ASSOCIATION, *et al.*, | ) |
|                Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington, on this 16th day of September 2025, having reviewed Plaintiff's second amended complaint (SAC) (D.I. 30), Defendant International Longshoreman Association's (ILA's) motion to dismiss the SAC (D.I. 31), party briefing on the motion to dismiss (D.I. 32, 38, 40), and Plaintiff's "Motion to Remove Lance [Geren (ILA's attorney)] and His Law Firm From the Case Citing Conflict of Interest" (D.I. 39);

WHEREAS, the Court's September 13, 2024 Memorandum Opinion and Order (D.I. 27, 28) granted Plaintiff leave to file a SAC to cure deficiencies in the amended complaint, the Court explained that the amended complaint failed to meet the pleading requirements of Federal Rule of Civil Procedure 8 (*see* D.I. 27 at 4–5), and the Court warned Plaintiff that "filing a [SAC] that fails to remedy the above-discussed deficiencies will likely result in dismissal with prejudice" (*id.* at 6);

WHEREAS, Plaintiff subsequently filed the SAC, which argues that this Court's "ruling needs more clarity" and "is baseless and without merit[,] as [Plaintiff's] rights w[ere] violated" and "[Plaintiff's] case is self[-]explanatory" (D.I. 30 at 3), but fails to include "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2);

WHEREAS, the SAC alleges violations of Sections 7 and 8 of the National Labor Relations Act (NLRA), codified at 29 U.S.C. §§ 157 and 158 (*see* D.I. 30 at 7), but those claims are not properly before this Court because "*Garmon* preemption protects the exclusive jurisdiction of the [National Labor Relations Board (NLRB)] over unfair labor practice proceedings; accordingly if a cause of action implicates protected concerted activity under section 7 of the NLRA or conduct that would be prohibited as an unfair labor practice under section 8 of the NLRA, the cause of action is preempted," *Voilas v. Gen. Motors Corp.*, 170 F.3d 367, 378 (3d Cir. 1999); *see San Diego Bldg. Trades Council, Millmen's Union, Loc. 2020 v. Garmon*, 359 U.S. 236, 245 (1959) ("When an activity is arguably subject to [Section] 7 or [Section] 8 of the [NLRA], the States as well as the federal courts must defer to the exclusive competence of the [NLRB] if the danger of state interference with national policy is to be averted.");

WHEREAS, the SAC does not plausibly suggest any timely claim alleging union breach of duty of fair representation, *see* 29 U.S.C. § 160(b); *DelCostello v. Int'l Bhd. Of Teamsters*, 462 U.S. 151, 169–72 (1983) (holding that "§ 10(b) of the National Labor Relations Act, which establishes a six-month period for making charges of unfair labor practices," applies to "all breaches of a union's duty of fair representation" because such breaches "*are* in fact unfair labor practices") (emphasis in original); *see also* D.I. 1-1 at 6 (complaint, filed in September 2022, alleging union dissolution by way of merger in March 2021); D.I. 20 at 3 (amended complaint alleging merger in March 2021); D.I. 30 at 6 (SAC placing merger during or before March 2021);

WHEREAS, to the extent that Plaintiff intends to raise a voting rights claim under the equal rights provision of the Labor Management Reporting and Disclosure Act, it lacks factual support because Plaintiff nowhere alleges being denied voting rights afforded to other members of the union, *see* 29 U.S.C. § 411(a)(1); *Calhoon v. Harvey*, 379 U.S. 134, 138–39 (1964) (explaining

that the equal rights provision is "no more than a command that members and classes of members shall not be discriminated against in their right to nominate and vote");

WHEREAS, to the extent that Plaintiff intends to charge criminal embezzlement by way of this civil action, that claim fails because private parties, like Plaintiff, cannot enforce criminal statutes by way of civil actions, *see Leeke v. Timmerman*, 454 U.S. 83, 85–86 (1981) (per curiam) (noting that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another" and that "the decision to prosecute is solely within the discretion of the prosecutor"); and

WHEREAS, to date, the record does not reflect service of process on Defendant GT USA, and the SAC suggests that the entity responsible for the violations alleged is Defendant ILA, and not Defendant GT USA (*see* D.I. 30 at 4);

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant GT USA is TERMINATED as a party to this action;

IT IS FURTHER ORDERED that the SAC (D.I. 30) is DISMISSED for failure to cure the deficiencies identified in the Court's September 13, 2024 Memorandum Opinion and Order;

IT IS FURTHER ORDERED that Defendant ILA's motion to dismiss the SAC (D.I. 31) is GRANTED, and the SAC is DISMISSED;

IT IS FURTHER ORDERED that Plaintiff's motion to remove defense counsel from this case (D.I. 39) is DENIED as moot; and

IT IS FINALLY ORDERED that this case is CLOSED.

_____
The Honorable Jennifer L. Hall
United States District Judge